THE STATE OF OHIO *v.* SAUERS.*

(No. 76 CRB 06574.—Decided January 7, 1977.)

Akron Municipal Court.

*Mr. James L. Bickett,* for plaintiff.
*Mrs. Dorothy D. Bergmann,* for defendant.

GEORGE, J.  The court has before it the defendant's motion to dismiss and memorandum in support thereof, as well as the state's memorandum in opposition.

This motion raises the question as to whether or not an arrest on a felony charge, which is subsequently reduced to a misdemeanor charge, is the same case for purposes of calculating the time within which trial must be held under R. C. 2945.71.

The court does not find any reported cases considering the question raised by this motion and therefore treats this matter as a case of first impression.

The facts necessary to consider the motion to dismiss, for a failure to bring the defendant to trial within the time specified by statute under R. C. 2945.71(B)(1), are as follows:

*Judgment affirmed by Court of Appeals, June 8, 1977. (See 52 Ohio App. 2d 113.)

October 22, 1976: Defendant arrested on a charge of aggravated burglary, first degree felony, R. C. 2911.11.

October 28, 1976: Preliminary hearing held in Municipal Court, probable cause found, and defendant bound over to grand jury.

November 21, 1976: Defendant released on bail.

November 24, 1976: Grand jury returned indictment for criminal trespass, fourth degree misdemeanor, R. C. 2911.21(A).

November 24, 1976: Common Pleas Court remanded matter back to Municipal Court and summons was issued.

November 30, 1976: Service of summons was had upon defendant for criminal trespass.

December 15, 1976: Defendant appeared in Municipal Court and moved for dismissal of the charge pursuant to R. C. 2945.73(B).

While the Defendant was incarcerated for 28 days, which when multiplied by three is equal to 84 days (R. C. 2945.71[D]), such time is within the 270-day statutory limitation for first degree felonies. (R. C. 2945.71[C].)

Until November 24, 1976, when the grand jury returned an indictment for criminal trespass, a fourth-degree misdemeanor, there was a felony matter pending and the felony time limits were applicable. The felony case ended and a new case was commenced upon the filing of the misdemeanor indictment.

R. C. 2945.71, captioned "Time within which hearing or trial must be held," reads, in pertinent part, as follows:

"(A) * * *

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

"(2) * * *

"(C) A person against whom a charge of felony is pending:

"(1) * * * .

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.

"(E) * * *"

On November 30, 1976, the defendant was served by summons with the misdemeanor charge and ordered to initially appear on December 15, 1976, in the Municipal Court. The statutory misdemeanor time limits are applicable from the date of service of summons, or in this case November 30, 1976. From November 30, 1976, to December 15, 1976, 16 days of the 45-day period have run. On December 15, 1976, the motion to dismiss was filed by the defendant and extends the 45-day rule by the time required for consideration of such a motion. R. C. 2945.72(E).

Since defendant is not incarcerated, trial is to be had within 45 days of service of summons. R. C. 2945.71(B)(1). The misdemeanor charge is a new charge and is pending within the meaning of R. C. 2945.71(B) upon the return of such indictment from the grand jury; i. e., November 24, 1976. However, in order for the time limitations, provided in R. C. 2945.71(B)(1), to start, there is a further requirement that either the defendant be arrested or served with summons. Such act, arrest, or service of summons, triggers the commencement of the action and of the time within which trial must be held. Since, in this case, service of summons occurred on November 30, 1976, that date is the date used to calculate the time within which trial must be had as required under R. C. 2945.71(B)(1).

Until November 24, 1976, there was no pending misdemeanor charge and until service of summons, which was had on November 30, 1976, there was no operative trial time requirement. It is apparent, from a reading of the statute, that these two operative facts must exist before the action is commenced and the time within which trial must be held has begun to run.

The defendant was never incarcerated on the misde-

meanor charge and hence subdivision (D) of R. C. 2945.71 does not come into operation.

The court finds therefore that the defendant's motion to dismiss is not well taken and the same is hereby denied.

*Motion to dismiss denied.*